IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| WILLIAM DCORY MAURICE | ) | |
| EASTERLY | ) | |

OPINION AND ORDER

Defendant William Dcory Maurice Easterly, along with four other defendants, has been charged in a superseding indictment with conspiracy to possess and distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. In addition, he has been charged with seven counts of possession with intent to distribute controlled substances, in violation of 18 U.S.C. § 841(a)(1); and two counts of possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). This matter is now before the court on his motion to sever defendants. Based on the submissions of the parties and the representations made at a hearing held on November 20, 2018, the motion will be denied.

The Eleventh Circuit Court of Appeals has explained: "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez,* 649 F.3d 1222, 1233 (11th Cir. 2011). Accordingly, "the rule about joint trials is that 'defendants who are indicted together are usually tried together.'" *Id.* at 1234 (quoting *United States v. Browne,* 505 F.3d 1229, 1268 (11th Cir. 2007)). And, as here, that "rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried together.'" *Id.* (quoting *United States v. Beale,* 921 F.2d 1412, 1428 (11th Cir. 1991)).

It is against this legal backdrop that the court now makes the required two-part inquiry as to whether severance should be granted in this case: (1) whether

2

joinder is proper under Rule 8(b) of the Federal Rules of Criminal Procedure; and (2) whether joinder would be prejudicial under Rule 14 of the Federal Rules of Criminal Procedure. The court concludes, first, that there has not been misjoinder and, second, that the joinder of Easterly with the others is not unduly prejudicial.

PROPER JOINDER: Rule 8(b) permits joinder of one or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "In order to meet the 'same series of acts or transactions' requirement of Rule 8(b), the 'government must demonstrate that the acts alleged are united by some substantial identity of facts and/or participants.'" *United States v. Wilson*, 894 F.2d 1245, 1253 (11th Cir. 1990) (quoting *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989)). Moreover, "[e]ach participant need not participate in all acts or even know the other

3

participants' roles in the ventures." *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992). Therefore, "[i]f the indictment's allegations, taken as true, establish a single conspiracy, and there is no claim of prosecutorial bad faith or an erroneous interpretation of law, the court must conclude that the initial joined was proper." *United States v. Andrews*, 765 F.2d 1491, 1496 (11th Cir. 1985); *see also United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988) ("[J]oinder of the defendants for trial is proper where the indictment charges multiple defendants with a single conspiracy and also charges some of the defendants with substantive counts arising out of the conspiracy.").

In this case, count one of the indictment charges Easterly and the other four defendants with a single conspiracy to distribute, and to possess with intent to distribute, cocaine and marijuana. Easterly has not alleged prosecutorial bad faith, but his misjoinder contention does address the propriety of the legal

4

interpretation of the charge involved and his place in the indictment with the others.  He argues that the evidence thus far has not established a knowing connection between him and the others charged with the same offense, except for codefendant Jose Ocampo-Gonzalez, and, therefore, he cannot be charged in the alleged conspiracy with the others.  The court is not convinced that the government misjoined Easterly based on this argument.

First, as the Eleventh Circuit has made clear, participants in a conspiracy need not know the other participants.  Therefore, Easterly's argument on this point fails to establish misjoinder.  In any event, the government has represented to the court that it intends to show a connection between Easterly and a named coconspirator, in addition to Ocampo-Gonzalez.

But, second and most importantly, it must be remembered that "Rule 8(b) is a pleading rule and joinder under Rule 8(b) is to be determined before trial by examining the allegations contained in the

indictment." *United States v. Morales,* 868 F.2d 1562, 1567 (11th Cir. 1989); *see also United States v. Bryan,* 843 F.2d 1339, 1342 (11th Cir. 1988) ("A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment[.]"). Further, "Rule 8(b) is to be construed liberally in favor of joinder." *Bryan,* 843 F.2d at 1342. Looking at the indictment as a whole, the court is convinced that the charges and allegations demonstrate that all five defendants "participated ... in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Accordingly, the court does not find that the government misjoined Easterly in this case.

SEVERANCE: Even when joinder is proper under Rule 8(b) however, a severance may still be required under Rule 14 if joinder would be unduly prejudicial. Rule 14(a) states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the

government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

In the Eleventh Circuit, as stated, the general rule is that "defendants who are jointly indicted should be tried together, and this rule has been held to be particularly applicable to conspiracy cases." *United States v. Castillo-Valencia*, 917 F.2d 494, 498 (11th Cir. 1990). But where the court finds that joinder of defendants prejudices the parties in such a way, the court may grant a severance. *See* Fed. R. Crim. P. 14(a). Severance is not warranted under Rule 14(a) in this case.

In his motion to sever, Easterly argues that he would be prejudiced by the spillover effects of evidence against his codefendants that would otherwise not be admitted against him if he were tried separately; that the jury would be prevented from making a reliable judgment about his guilt or

7

innocence; and that the risk of such prejudice is heightened in this case because of the number of defendants tried together, the complexity of the case, and varying degrees of culpability by each defendant. In addition, Easterly contends that the government's evidence fails to establish one single conspiracy, but, rather, establishes multiple conspiracies warranting severance in this case. The court rejects these arguments.

The Eleventh Circuit has exhibited reluctance in holding that severance must be granted to control against prejudicial "spillover" effects. *See United States v. Watchmaker*, 761 F.2d 1459, 1476 (11th Cir. 1985). To warrant severance, the prejudice incurred must be so 'specific and compelling' that a joint trial would result in fundamental unfairness to the defendant. *See United States v. Castronuovo*, 649 Fed. Appx. 904, 918 (11th Cir. 2016). The "compelling prejudice" standard "is more than some prejudice, as some degree of prejudice is inherent in every joint

8

trial." *United States v. Hernandez*, 921 F.2d 1569, 1580 (11th Cir. 1991). "A disparity in the quantum of proof ... justifies severances only in the most extreme cases, as when a cautionary instruction could not furnish a cure." *United States v. Harrell*, 737 F.2d 971, 976 (11th Cir. 1984). And this heavy burden cannot be carried through "mere conclusory allegations," *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993), which is what Easterly presents at this time. Easterly has failed to establish that he would suffer incurable and compelling prejudice as a result of evidentiary spillover.

Moreover, granting severance based on a jury's inability to exercise reliable judgment applies only "in an extremely narrow range of cases in which the sheer number of defendants and charges with different standards of proof and culpability, along with the massive volume of evidence, makes it nearly impossible for a jury to juggle everything properly and assess the guilt or innocence of each defendant independently."

*United States v. Blankenship*, 382 F.3d 1110, 1124 (11th Cir. 2004). This case does not fit within that narrow range. The superseding indictment charges only five defendants with a total of 28 counts. Each of the defendants is charged with one count of conspiracy to distribute and possess cocaine and marijuana. Easterly is charged with nine additional counts (counts 17-19, and 21-24) related to firearm and drug charges. Specifically, he is charged with possession of cocaine, crack cocaine, marijuana, and hydrocodone pills. Each of the other four defendants is charged with additional firearm and drug charges as well: Ocampo-Gonzalez is charged with an additional four counts, defendant Howard James Smith with an additional 10, and defendants Kristopher Kashif Baker and Robert Reynolds, Jr. together with an additional four. Easterly has failed to show that the evidence is substantial enough that a jury would be "unable to sift through ... and 'make an individualized determination as to each defendant.'" *United States v. Schlei*, 122 F.3d 944,

984 (11th Cir. 1997) (quoting *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993)).

Easterly again argues that the government's evidence fails to establish a connection between him and the other codefendants, except for Ocampo-Gonzalez, and, because the government can support allegations of only multiple conspiracies, as opposed to one single conspiracy, severance is warranted. And, again, the court is not convinced by this argument.

In determining whether there is a single conspiracy, the court should consider three factors: (1) the existence of a common goal, (2) the nature of the criminal scheme, and (3) the overlap of the participants in the alleged scheme. *See United States v. Calderon*, 127 F.3d 1314, 1327 (11th Cir. 1997). The common-goal requirement can be satisfied by committing the common crime and is often the same as the nature-of-the-scheme requirement. *See United States v. Adams*, 1 F.3d 1566, 1584 (11th Cir. 1993); *Calderon*, 127 F.3d at 1327 ("First, a common goal, that of

cocaine importation and distribution, existed in this case .... Second, the nature of the underlying scheme was the same."). In this case, as stated, the indictment alleges one conspiracy, rather than multiple conspiracies. The government alleges that all five defendants knowingly and intentionally participated in the common goal, and scheme, of distributing cocaine and marijuana. Of course, if at trial a question should arise as to whether the actual evidence fails to establish just one conspiracy, the court, on motion, will revisit this issue.

The court is not convinced that severance is warranted here under Rule 14(a). *See, e.g., United States v. McGregor*, 2011 WL 798414 (M.D. Ala. 2011) (Thompson, J.) (denying severance under Rule 14(a) where 10 defendants were charged in a 39-count indictment, which included charges of federal programs bribery, extortion, money laundering, making a false statement, obstruction of justice, and conspiracy to commit federal programs bribery.).

**OTHER CONCERN:** Easterly's motion to sever addressed only the original indictment, for it was filed before the return of the superseding indictment, which added new charges. At the November 30 hearing, government counsel and defense counsel agreed that the court could view the motion as addressing the superseding indictment and that they had no additional or new arguments in light of the later filing of that indictment.

\* \* \*

Accordingly, it is ORDERED that defendant William Dcory Maurice Easterly's motion for severance (doc. no. 102) is denied.

DONE, this the 26th day of November, 2018.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**