**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:18cr243-MHT** |
| | ) | **(WO)** |
| **WILLIAM DCORY MAURICE** | ) | |
| **EASTERLY** | ) | |

**OPINION AND ORDER**

For the reasons set forth below, defendant William Dcory Maurice Easterly's motion to continue trial will be granted and his jury selection and trial, now set for February 11, 2019, will be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

> indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Easterly in a speedy trial. Easterly has filed a notice of intent to plead guilty and anticipates finalizing a plea agreement with the government. Moreover, defense counsel is currently out

of the state due to a prior commitment and so requests additional time to resolve the case without a trial. The government does not oppose a continuance. The court concludes that a continuance is warranted to enable Easterly and his counsel to have sufficient time to resolve this case.

***

Accordingly, it is ORDERED that:

(1) Defendant William Dcory Maurice Easterly's motion to continue (doc. no. 234) is granted.

(2) The jury selection and trial, now set for February 11, 2019, are reset for March 11, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of February, 2019.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**