IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| WILLIAM DCORY MAURICE | ) | |
| EASTERLY | ) | |

OPINION AND ORDER

Before the court is defendant William Dcory Maurice Easterly's motion to continue. For the following reasons, the court finds that jury trial, now set for September 9, 2019, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

> judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Easterly in a speedy trial. In the motion, defense counsel requests additional time to prepare for trial in light of Easterly's withdrawn guilty plea. Defense counsel

represents that, up to the point of the change of plea, he had prepared solely for Easterly's pending sentencing, the issues for which differ from those to be addressed at trial. Moreover, defense counsel states that, in advance of trial, he will need more time to review discovery adequately, which includes recordings of intercepted phone conversations. Finally, the government does not oppose a continuance. For these reasons, a continuance is warranted.

***

Accordingly, it is ORDERED as follows:

(1) Defendant William Dcory Maurice Easterly's motion to continue (doc. no. 420) is granted.

(2) The jury selection and trial for defendant Easterly, now set for September 9, 2019, are reset for November 18, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 23rd day of August, 2019.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**