IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| WILLIAM DCORY MAURICE | ) | |
| EASTERLY | ) | |

ORDER

This case is before the court on defendant William Dcory Maurice Easterly's motion for early termination of supervised release.  As summarized by his probation officer, Easterly "was convicted of Possession with Intent to Distribute a Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  ...  [T]he Court sentenced Easterly to 90 months' imprisonment, ... followed by a four-year term of supervised release."  Probation Resp. to Early Termination Mot. (Doc. 827).  The probation officer further stated that "Easterly's convictions involve drug trafficking activity coupled with the possession of a firearm which are serious offenses and implicate concerns regarding public safety."  *Id.*

The probation officer observes that Easterly "has completed approximately one year and three months of supervision, ... has remained compliant with all conditions imposed by the Court, ... has not incurred any violations[,] and has demonstrated an ability to follow the directives of the Court." *Id.* In short, "he has completed more than one year of supervision without any violations and has demonstrated a positive adjustment." *Id.* His "current risk assessment reflects a low/moderate (Category 3) risk level." *Id.*

While the probation officer "does not oppose Easterly's request for early termination of supervised release," *id.,* he acknowledges that the "Court may consider whether continued supervision is necessary to reinforce these gains and provide an additional measure of accountability, particularly considering the nature of the underlying offenses." *Id.* The officer then concludes that he "respectfully defers to the Court's discretion in determining whether early termination is

warranted under the totality of the circumstances and the applicable statutory factors." *Id.*

The government would like to see Easterly complete at least nine more months of supervision before termination. *See* Gov't Resp. to Early Termination Mot. (Doc. 825).

In his motion, Easterly states that the court said it would "consider" early termination of his supervised release if he completed a year of supervision without violations. The court likely did say it would "consider" early termination after a year or so, for, as the probation officer correctly states, "the Court may terminate a term of supervised release after one year if such action is warranted by the conduct of the individual and is in the interest of justice," Probation Resp. to Early Termination Mot. (Doc. 827), after consideration of all the relevant factors.

The court agrees that Easterly appears to be commendably on a path to early termination of supervised release. However, the court further

believes, based on the ongoing need for rehabilitation, that "continued supervision is necessary to reinforce [Easterly's] gains and provide an additional measure of accountability," *id.,* in light of all the circumstances presented.

The court, therefore, finds it more appropriate to wait another six months or so before again considering early termination of Easterly's supervised release. This will provide additional time to monitor his rehabilitation and ensure his continued success in reintegrating into the community, in light of all the circumstances presented.

***

Accordingly, it is ORDERED that the motion for early termination of supervised release (Doc. 817) is denied with leave to renew six months from today.

DONE, this the 26th day of May, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4